KENNETH J. SCHNEIDER,

Plaintiff,

v.                                                          Case No. 26-690

WELLS FARGO ADVISORS
 FINANCIAL NETWORK, LLC,

Defendant.

## COMPLAINT

NOW COMES Plaintiff Kenneth J. Schneider, through his undersigned attorneys, as and for a Complaint against Defendant Wells Fargo Advisors Financial Network, LLC.

### NATURE OF THE ACTION

1.      Plaintiff Kenneth J. Schneider alleges that Defendant Wells Fargo Advisors Financial Network, LLC violated the Age Discrimination in Employment Act of 1967 by treating him less favorably than comparably situated significantly younger employees, and retaliating against him for invoking his legal rights, which led to the termination of Mr. Schneider's employment.

### JURISDICTION AND VENUE

2.      Jurisdiction over Plaintiff's claims under the Age Discrimination in Employment Act of 1967 [29 U.S.C. § 621 *et seq.*] is conferred on this Court by 28 U.S.C. § 1331.

3. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, in that Defendant operates within the Eastern District and the unlawful actions occurred in the Eastern District.

## PARTIES

4. Plaintiff Kenneth J. Schneider ("Schneider") is a Wisconsin resident, domiciled at 15790 W Roualt St., Brookfield, WI 53005.

5. Defendant Wells Fargo Advisors Financial Network, LLC ("Wells Fargo") is a corporation organized and existing under the laws of the State of Delaware, with its headquarters located at 420 Montgomery Street, San Francisco, California, and retail financial offices located throughout the United States, including 20800 Swenson Dr, Ste. 200, Waukesha, Wisconsin 53186.

## ADMINISTRATIVE EXHAUSTION

6. Schneider filed his administrative discrimination complaint with the EEOC.

7. Less than 90 days prior to the filing of this suit, the EEOC issued notice to Schneider that he had the right to bring this suit.

8. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## JURY DEMAND

9. Schneider demands that his case be tried to a jury of his peers.

## OPERATIVE FACTS

10. Schneider's date of birth is September 30, 1944.

11. Schneider commenced employment with Wells Fargo, on October 2, 1972, and became a Senior Private Client Financial Advisor in the Wealth and Investment Management line of business.

12. Schneider's wife worked on his team on a part- time basis for 25 years, along with his son and son-in-law. The Schneider family has more than 100 years of combined employment with Wells Fargo.

13. John Yagla was the Branch Manager who evaluated Schneider's job performance from 2015 through September 2022. Kevin Lewis ("Lewis") was the Branch Manager from September 2022 onward.

14. Schneider had a 50-year record of excellence without a single reprimand from Wells Fargo.

15. Managers Yagla, Lewis, and Jose A. Yamat ("Yamat"), documented that they had been trying to get Schneider to retire for years.

16. During January and March 2023, Schneider informed Lewis that he expected to continue until a two-year project was completed on December 31, 2025.

17. On May 16, 2023, Wells Fargo terminated Schneider's employment at age 78, for the sole pretextual reason that he swore in the office when speaking to his wife on December 16, 2022.

18. Yamat and Lewis told Schneider that they begged Wells Fargo not to fire him.

19. Wells Fargo routinely used progressive discipline to correct behaviors of financial advisors.

20. Wells Fargo's progressive discipline policy normally involves coaching or a PIP.

21. The managers of Schneider's branch routinely used progressive discipline to correct younger financial advisors who violated the company's professionalism policy.

22. The managers of Schneider's branch willfully refused to provide Schneider with progressive discipline in response to their claim that Schneider had violated the company professionalism policy.

23. Wells Fargo willfully terminated Schneider because of his age.

24. Schneider suffered a loss of wages and benefits as a result of the unlawful termination of his employment.

**CLAIM FOR RELIEF**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**AGE DISCRMINATION**

25. As and for a Claim For Relief, Schneider re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

26. The Age Discrimination in Employment Act, § 623(a)(1), makes it unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

27. At all relevant times, Schneider was a member of the protected class under the Age Discrimination in Employment Act of 1967 [29 U.S.C. § 621 *et seq.*]*,* which prohibits discrimination against individuals who are 40 years of age or older.

28. Wells Fargo willfully took adverse actions against Schneider because of his age, which included treating him less favorably than comparably situated and significantly younger employees, failing to follow employment policies, and constructively discharging his employment, causing him to suffer compensatory damages for losses of wages, benefits, expenses, insurance, emotional pain, suffering, humiliation, embarrassment, and mental anguish, all to him damage.

4

Wherefore Plaintiff, Kenneth J. Schneider, demands that judgment be entered and Defendant ordered to provide the following remedies:

A. Compensatory damages for losses of wages, benefits, and expenses pursuant to 29 U.S.C. Sec. 626(b);

B. Reinstatement and/or damages for monetary losses and expenses including front pay pursuant to 29 U.S.C. Sec. 626(b);

C. Costs, disbursements, prejudgment interest, actual attorney's fees and expert witness fees incurred in prosecuting these claims, together with interest on said fees, authorized by 28 U.S.C. § 1920;

D. Liquidated damages for willful violations of the ADEA pursuant to 29 U.S.C. § 626(b); and

E. Such other relief as the Court deems just and equitable.

Dated this 20th day of April, 2026.

*Electronically signed by Alan C. Olson*
Alan C. Olson, SBN: 1008953
Nicholas O. Yurk, SBN: 1095278
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI  53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com